UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEAH GUILLEN PEREZ,<br><br>Defendant. | No. 1:18-cr-00263-DAD-BAM<br><br>ORDER DENYING DEFENDANT LEAH GUILLEN PEREZ'S MOTION FOR REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 77) |

On February 27, 2024, defendant Leah Guillen Perez filed a *pro se* motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines.[1]  (Doc. No. 77.)  On April 26, 2024, the government filed an opposition to that motion.  (Doc. No. 80.)  Because defendant Guillen Perez is not eligible for the relief she seeks, the court will deny the motion to reduce her sentence.

**BACKGROUND**

On November 29, 2021, pursuant to a plea agreement, defendant entered a plea of guilty to Count Two of an indictment charging her with bank fraud in violation of 18 U.S.C. § 1344 and

/////

---

[1] On February 28, 2024, the motion was referred to the Office of the Federal Defender ("FDO") for possible assumption of representation.  (Doc. No. 78.)  The FDO did not file a notice indicating its intent to assume representation within the time provided by the order and thus the time for the filing of an opposition by the government commenced running.  (*Id.*)

1

Count Three in which she was charged with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  (Doc. Nos. 50; 53; and 59 at 5.)

The presentence report ("PSR") prepared in defendant's case calculated her total offense level as 18 and her criminal history category as II (based on a finding of a criminal history score of 2), resulting in an advisory sentencing guidelines range calling for a term of imprisonment between 30 and 37 months on the bank fraud count with the mandatory consecutive 24-month term of imprisonment as to the aggravated identity theft charge.  (Doc. No. 59 at 4, 8–11, 20.)  However, at the sentencing hearing on June 6, 2022, the court determined that defendant's adjusted offense level was 16, instead of 18, resulting in an advisory sentencing guideline range calling for a term of imprisonment of between 24 and 30 months.  Moreover, finding that defendant had suffered from a lack of youthful guidance along with other factors relating to her history and characteristics, the court varied downward from the advisory sentencing guideline range as to the bank fraud count.  Thus, the court sentenced defendant Guillen Perez to a 15-month term of imprisonment on that count, the mandatory consecutive 24-month term on the aggravated identity theft count for an aggregate prison term of 39 months, along with an aggregate 60-month term of supervised release to follow and ordered her to pay restitution in the amount of $191,065.00.  (Doc. Nos. 62, 63.)  The court entered judgment on June 8, 2022.  (Doc. No. 63.)

In her *pro se* motion now pending before the court, defendant Guillen Perez moves to reduce her sentence, pursuant to 18 U.S.C. § 3582(c)(2) based upon Amendment 821 to the U.S. Sentencing Guidelines.  (Doc. No. 77 at 1.)  Specifically, defendant contends that she is eligible for a sentence reduction based on Part B of Amendment 821 and U.S. Sentencing Guidelines ("U.S.S.G.") § 4C1.1(a).  (*Id*.)  That new provision reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders.  As noted, on April 15, 2024, the government filed its opposition to the pending motion.  (Doc. No. 80.)  Defendant did not file a reply.[2]

---

[2] On April 15, 2024, this case was reassigned to the undersigned.  (Doc. No. 79.)

For the reasons explained below, the court concludes that defendant is not eligible for relief under § 3582(c)(2), and her motion for a reduction of the sentence imposed will therefore be denied.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

/////

1    As noted above, defendant Guillen Perez asserts that she is eligible for a reduction to her
2 sentence based on Part B of Amendment 821.  (Doc. No. 77.)[3]  However, the PSR in defendant's
3 case reflects that she had earned two criminal history points based upon her prior criminal record.
4 (Doc. No. 59 at 11.)  Moreover, in her pending motion, defendant acknowledges that she was
5 assessed criminal history points.  (Doc. No. 77 at 2.)  Defendant Guillen Perez was therefore not a
6 zero-point offender at the time of her sentencing, her motion fails at the first step of the inquiry,
7 and she simply does not qualify for a two-level reduction in her offense level pursuant to
8 U.S.S.G. § 4C1.1.  *See United States v. Morfin Villa*, 1:21-cr-00177-KJM-BAM, 2024 WL
9 3164041, at *2 (E.D. Cal. June 25, 2024 2024); *United States v. Aguilar*, No. 2:13-00296-KJM,
10 2024 WL 1521382, at *2 (E.D. Cal. Apr. 8, 2024).

11    The court notes that in support of her motion defendants cites to her programming
12 accomplishments, including significant efforts on her part to improve her health and live a healthy
13 lifestyle in the future.  (Doc. No. 77. at 3.)  She is to be lauded for her efforts in this regard.
14 Nonetheless, those accomplishments do not support her motion for relief under 18 U.S.C.
15 § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines.  Moreover, defendant's
16 accomplishments while incarcerated would not appear to qualify her for a reduction of her
17 sentence under any other provision in light of the circumstances or her case and the sentence
18 imposed.
19 /////
20 /////
21 /////
22 /////

---

[3] Although defendant does not seek a reduction in her sentence pursuant to Part A of Amendment 821 (*see* Doc. No. 77 at 1), it is clear that she is ineligible for relief under that provision as well. Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. However, defendant's PSR does not reflect that she was under any criminal justice sentence when she committed the offenses for which she was sentenced by this court and she did not receive any status points. (Doc. No. 59 at 10–11.)  Indeed, in her pending motion defendants represents that she was not assessed any status points. (Doc. No. 77 at 3.)  Accordingly, defendant is also ineligible for an adjustment to her sentence under U.S.S.G. § 4A1.1(e).

**CONCLUSION**

For the reasons above, the court denies defendant's motion to reduce her sentence (Doc. No. 77) under 18 U.S.C. § 3582(c)(2). The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:   **July 10, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE